IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Cr. No. 92-60053-HO |
| v. | ) | ORDER |
| MONTE WADE POWERS, | ) | |
| Defendant. | ) | |

The court sentenced defendant to a 188 month term of imprisonment in 1992. Defendant now petitions the court to vacate his sentence, in the nature of a Rule 35 motion, asserting the sentence is invalid pursuant to <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).

A motion filed by defendant pursuant to Fed. R. Crim . P. 35 must be filed within seven days of sentencing. Defendant's Rule 35

motion is untimely. However, the court construes the motion as being made pursuant to 28 U.S.C. § 2255.

28 U.S.C. § 2255 provides in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant filed the present motion more than one year after the judgment of conviction became final. Defendant does not assert the motion was impeded by government action or that he did not discover the facts supporting the claim less than one year prior to filing the present motion.

The Blakely decision was announced within the applicable time period. However, this court has already determined that Blakely is not retroactively applicable to cases on collateral review. See United States v. Phillips, 2004 WL 2414819 (D. Or. Oct. 26, 2004).

Accordingly, defendant is not entitled to relief pursuant to 28 U.S.C. § 2255.

## CONCLUSION

For the reasons stated above, defendant's motion "to vacate the unconstitutional portion of sentence in the nature of Rule 35" (#25) is denied and this proceeding is dismissed.

DATED this 13th day of April, 2005.

                                          Michael R. Hogan
                                          United States District Judge